AO 91 (Rev. 5/85) Criminal Complaint                                    A McMillan/USCS SA Stine

# United States District Court

____SOUTHERN____ DISTRICT OF ____FLORIDA____

UNITED STATES OF AMERICA

V.

TODD LESLIE KROEBER
DOB: 2/10/71
PBCJ Booking No. 2001353446

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 02-5108-AEV

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or between November 21, 2001, and December 7, 2001, in __Palm Beach__ county, in the __Southern__ District of __Florida and elsewhere__ defendant(s), (Track Statutory Language of Offense) then being 30 years of age, did knowingly use a facility of interstate commerce to attempt to persuade, induce, or entice an individual who had not attained the age of 18 years to engage in sexual activity for which any person may be charged with a criminal offense, to wit, violation of Florida Statute 800.04(4)(b) and (5)(a)-(b)(Lewd or Lascivious Offenses committed on or in the presence of persons less than 16 years of age); did knowingly receive or distribute child pornography as defined by 18 U.S.C. § 2256(8),

in violation of Title __18__ United States Code, Section(s) __2422(b) and 2252A(a)(2)__

I further state that I am a(n) __Special Agent, U.S. Customs Service__ and that this complaint is based on the following
                                    Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:     [x] Yes  [ ] No

Signature of Complainant
GREGORY H. STINE
SPECIAL AGENT, U.S. CUSTOMS

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

__MARCH 20, 2002__                                    at     __West Palm Beach, Florida__
Date                                                          City and State

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                            Signature of Judicial Officer

## AFFIDAVIT
### Case No. 02-5108-AEV

I, Gregory Stine, a Special Agent of the United States Customs Service, being duly sworn, deposes and says:

1. I am a Special Agent with the United States Customs Service ("USCS"), and have been so employed since, July of 1987. I am assigned to the West Palm Beach Resident Office.

2. As a Special Agent of the USCS, your affiant has received training in the application of Federal Statutes and child pornography investigations.

3. Your affiant is a member of the multi-jurisdictional Law Enforcement Against Child Harm (L.E.A.C.H.) Task Force consisting of Federal, State and Local Law Enforcement Agencies. Said Task Force is engaged in the investigation of child exploitation crimes with a focus on computer related investigations.

4. In this capacity your affiant has received training relative to online child pornography/sexual exploitation of children. In addition, I have had both training and personal experience as to the ways, manner and means used by persons who trade, distribute, receive and collect child pornography, as a result of having participated in at least two dozen prior computer-related investigations pertaining to the receipt, distribution and possession of child pornography in violation of federal law, from 1995 through the present. In addition to my personal experience as a parent, I have received training from the U.S. Customs Service and a pediatrician associated with the L.E.A.C.H. Task Force in age estimation of children depicted in child pornography based on physical characteristics and general body habitus.

5.     The information set forth in this affidavit is based on my personal knowledge, information provided to me by other law enforcement officials, and my review of materials. This affidavit does not set forth every fact known to your affiant regarding the investigation.

6.     Your Affiant, Special Agent Gregory Stine, is responsible for enforcing Federal Criminal Statutes, including the title and section prohibiting the importation or transportation of child pornographic materials, to wit: Title 18, United States Code, Section 2251-57.

7.     Your Affiant, Special Agent Gregory Stine, is familiar with all the facts and circumstances surrounding this investigation as set forth herein, both from his own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. This affidavit is being submitted for the limited purpose of securing a criminal complaint. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the requested arrest warrant and complaint.

8.     America Online is a commercial computer service that offers ISP services to its subscribers. AOL offers electronic message bulletin boards enabling subscribers to post messages that can be read by other AOL subscribers. It also provides e-mail and chat room services. Each AOL subscriber has access to a computer which communicates through a modem connected to a telephone line with the central computer system operated by AOL in Virginia. Your affiant is thus further aware that computer communications between AOL subscribers must, of necessity, travel through the State of Virginia even if the AOL subscribers are located in the same state, in this case for example, Florida.

## FACTUAL BACKGROUND

9. The following information was provided to your Affiant by Detective Amy Sinnott of the West Palm Beach Police Department and other law enforcement officers and agents with personal knowledge of the facts and evidence described herein, as well as based on independent investigation by your Affiant. On or about December 4, 2001, Detective Sinnott was working in an undercover capacity posing as a fourteen year old boy in an online environment, when Todd Leslie Kroeber sent an e-mail to Your Co-Affiant's email account initiating contact. In that email Kroeber, email account ZT1769@aol.com, identified himself as "Zach", a thirty year old male who enjoyed the company of younger boys. Kroeber described his likes and expressed an interest in getting to know Detective Sinnott's undercover identity. Detective Sinnott responded to his email and expressed interest in corresponding. Detective Sinnott's undercover profile clearly stated the subscriber was a 14 year old boy. These on-line conversations took place while Detective Sinnott was working in the Computer Crimes Division Office of the Palm Beach County Sheriff's Office at 3228 Gun Club Road, Palm Beach County, Southern District of Florida.

10. On December 4, 2001 at 5:27 p.m., Detective Sinnott received an instant message from Kroeber, a/k/a "Zach." Krober asked for Your Co-Affiant's online identity statistics and Detective Sinnott told Kroeber she was a 14 year old boy attending the ninth grade at Santa Luces High School. Thereafter, Detective Sinnott had numerous instant message and e-mail contacts with Kroeber over the following three days, as well as one controlled telephone call to Kroeber's residence, (561)745-2204, by an undercover officer, Michael Oswald, on December 4, 2001, which was consensually recorded by law enforcement. Kroeber repeatedly inquired about having sexual relations with "Mike," the online undercover identity utilized by Detective Sinnott. The requested

sexual activity included both oral and anal sex. Kroeber was repeatedly reminded the online identity was a minor child by references to his age, living arrangements, high school attendance and body development. These references were made ro provide Kroeber with opportunities to discontinue communications with the undercover minor child identity.

11. Kroeber repeatedly acknowledged Detective Sinnott's declared age (14), and remarked that his young age was indeed what attracted Kroeber to Detective Sinnott's online identity. Kroeber even offered to pick up Detective Sinnott's online personality at the high school after he had been dropped off by his mother. Kroeber acknowledged both online and over the telephone that he believed he could go to jail for 15 or 20 years for sexual contact with the minor child undercover identity utilized by Detective Sinnott. Kroeber even explained the length of applicable Statute of Limitations regarding those offenses. At Kroeber's request Detective Sinnott agreed to meet with him at South Olive Park in the City of West Palm Beach, on Friday, December 7, 2001. Kroeber supplied his cellular telephone number (561) 373-1635 for Detective Sinnott's online identity "Mike" to call him just prior to the meeting as soon as "Mike's" mother left for work.

12. As this meeting was scheduled, Kroeber made numerous requests of Detective Sinnott in her undercover capacity as "Mike." Kroeber asked that Detective Sinnott's online personality shower just before the meeting and that he wear shorts loose enough to allow Kroeber to put his hands into the pants and underwear so he could "stroke him." On December 6, 2001, Kroeber also asked Detective Sinnott's online personality not to "jerk off" because Kroeber wanted him to "build up for his mouth." Kroeber then remarked, "I want every drop in my mouth tomorrow night." During the online conversations Kroeber also asked to take a naked picture of

-4-

Detective Sinnott's identity to add to his file. Kroeber further requested to keep "Mike's" underwear after their planned rendezvous.

13.     On December 7, 2001 at approximately 5:30 p.m., Palm Beach County Sheriff's Office Deputies observed Kroeber Leave his residence at 6342 C Chasewood Drive, Jupiter, an area within Palm Beach County and the Southern District of Florida, and drive to West Palm Beach in his Gold four door 1999 Chevrolet Malibu, Florida tag, A70 XVN. Kroeber made several loops through the area of South Olive Park, before parking his vehicle in the parking lot located at the southeast corner of South Dixie Highway and Summa Street which is located across the street from South Olive Park. Kroeber backed his vehicle into a parking space and waited in the car until Officer Michael Oswald, posing as Detective Sinnott's online personality "Mike," called Kroeber on the cellular telephone at number (561) 313-1635.

14.     When Officer Oswald called Kroeber on the cellular telephone posing as "Mike," Kroeber tried to change the location of the meeting, advising again about the legal risks he was taking by meeting the undercover identity. Kroeber tried to get "Mike" to agree to meet in the parking lot of a Blockbuster Video Store located at Summa Street and South Dixie Highway, Palm Beach County, Southern District of Florida, for the meeting, where surveilling officers were observing Kroeber wait in his vehicle. Officer Oswald refused, but advised he would walk down South Olive Avenue to the park. Kroeber agreed and began to drive around the area. Deputy Michael Travonte was posing as the 14 year old and he walked through South Olive Park to the east side of the park, South Olive Avenue. Kroeber went east on Summa Street and proceeded north on South Olive Avenue when he saw D/S Travonte. Kroeber then pulled his car over at South Olive Avenue and Miramar Way, directly across from D/S Travonte. Kroeber had his window down and

was yelling "Mike! Mike!" attempting to get D/S Travonte to come to the car. As noted previously, "Mike" was the name provided for the undercover 14 year-old minor's identity. Kroeber was placed under arrest at that location and brought to the West Palm Beach Police Department.

15.     Kroeber's cellular telephone, Nokia model 5165, serial number 10606201099, was recovered upon his arrest from the passenger compartment of his vehicle which was towed incident to his arrest. After Kroeber's interview, Detective Sinnott called the telephone number (561)373-1635, the same phone number supplied by Kroeber in on-line conversations and the same telephone number called by Officer Oswald on December 7, 2001, just prior to the meeting. The telephone rang in response to Detective Sinnott's placement of that call. Detective Sinnott placed that telephone into evidence at West Palm Beach Police Department.

16.     After being advised of his Miranda warnings, defendant Kroeber was interviewed by Detective Sinnott. During that interview, Kroeber said he was the account holder and sole user of the screen name ZT1769. Kroeber repeated content of the email, instant message and telephone conversations described above, and admitted to traveling to South Olive Park in West Palm Beach for the sole purpose of meeting and having sexual contact with who he believed to be a 14 year old boy. During that same interview, Kroeber also told Detective Sinnott he used his home computer (which, as noted above was located in Palm Beach County and the Southern District of Florida) and AOL account to receive, send and save images of child pornography approximately three weeks prior to Kroeber's arrest on December 7, 2001. Kroeber said he received those images from a person known to him as Martin Izquierdo in Venezuela. Kroeber said he believed Izquierdo to be a 16 year old boy and admitted to traveling to Venezuela to meet and have sex with Izquierdo on

November 2nd, 3rd and 4th of 2001. Kroeber said that he did not meet Izquierdo at that time, because Izquierdo's parents found out about his sexual preference.

17.     Kroeber further explained his computer usage also involved multiple conversations with approximately ten other people whom he believed to be juveniles. Kroeber said those conversations were also sexually explicit in nature, and stated that he (Krober) offered to go meet the minors, although his budget would probably not allow it. Kroeber said he also sent photographs of his penis to one minor child via the computer. Kroeber spoke about having telephone conversations with those minors. During Kroeber's interview, his cellular telephone was ringing. Kroeber inquired about the telephone, and told Detective Sinnott that his sixteen year old boyfriend was calling with a calling card to evade his parents' detection.

18.     Kroeber was identified as the person having these conversations by information subpoenaed from America OnLine, BellSouth local usage telephone listings, AutoTrak records, and three photographs sent via email to Detective Sinnott which were compared with Kroeber's Florida Driver License photograph. During an instant message conversation between ZT1769 and Detective Sinnott on December 6, 2001, in her undercover role as "Mike," in which they were arranging the details for their planned future meeting, an undercover Palm Beach County Sheriff's Office Deputy met Kroeber at his home, 6342-C Chasewood Drive, Jupiter. Krober, using the screen name ZT1769, then told Detective Sinnott he met with the undercover deputy at the door and relayed the context of his conversation with the deputy to Detective Sinnott.

19.     Based on the above information, and on your Affiant's training and experience from numerous prior investigations involving the use of the AOL computer service, your Affiant is aware that AOL's central computer systems are located in the State of Virginia, and that, of necessity, all

communications, to include the chat, e-mail, and transfer of visual image files described above, by and/or between subscribers to AOL (such as the defendant), other AOL computer service subscribers, and/or subscribers of other internet service providers, must, of necessity travel through the State of Virginia, and accordingly travel in and affect interstate commerce.

20.   Your affiant further notes that a preliminary forensic examination of Krober's computer hard drive conducted pursuant to federal search warrant by the Palm Beach County Sheriff's Office has found numerous images of persons who clearly appear to be minors engaged in sexually explicit conduct as defined under Title 18, United States Code, Section 2256. Specifically, this includes readily identifiable minor males engaged in masturbation, oral-genital sexual intercourse, and the lascivious exhibition of the genitals. Forensic data obtained from the examination indicated that in excess of ten images of child pornography were downloaded on the defendant's computer via his AOL account during the period of November 21 and 22, 2001.

WHEREFORE, on the basis of the foregoing facts your affiant submits that probable cause

exists to charge Todd Leslie Kroeber with violations of Title 18, United States Code, Section 2422(b), and 2252A(a)(2).

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
GREGORY H. STINE
SPECIAL AGENT
U.S. CUSTOMS SERVICE

SUBSCRIBED TO AND SWORN BEFORE
ME THIS 20TH DAY OF MARCH, 2002,
AT WEST PALM BEACH, FLORIDA.

_____
ANN E. VITUNAC
CHIEF UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-5108-AEV

UNITED STATES OF AMERICA

vs.

TODD LESLIE KROEBER,

        **Defendants**
_____/

CRIMINAL COMPLAINT COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes   _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___Yes   _X_ No

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

BY: _____
        JOHN C. McMILLAN, JR.
        Assistant United States Attorney
        Admin. No. A5500228
        500 Australian Ave., Suite 400
        West Palm Beach, Florida  33401
        Phone: (561) 820-8711
        Fax:    (561) 820-8777